UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,

                                            04 Civ. 4385 (RWS)

  - against -

                                            MEMORANDUM OPINION

FREDERICK DAVID JONES and
MARK GODDEN,

              Defendants.
------------------------------------------X

**Sweet, D.J.,**

        The United States of America (the "Government") has moved to intervene in this action and to stay discovery during the pendency of <u>United States v. Robert Goehring</u>, 05 Cr. 209 (JES), in which the defendant is charged with insider trading in the securities of Gerber Scientific, Inc. ("Gerber") during the same period of time that defendant Mark Godden ("Godden") in this action is charged with insider trading in Gerber stock. For the reasons set forth below, the motion to intervene and to stay discovery is denied, subject to the provisions set forth.

**<u>The Intervention Is Appropriate</u>**

        Rule 24(b)(2), Fed. R. Civ. P., provides a basis upon which to grant the Government's application. <u>S.E.C. v. Downe</u>, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. January 26, 1993) (granting permissive intervention where grand jury investigation and SEC enforcement action involved common questions of law

and fact); see also First Merchants Enter., Inc. v. Shannon, No. 88 Civ. 8254 (CSH), 1989 WL 25214, at *3, Fed. Sec. L. Rep. ¶ 94, 421 (S.D.N.Y. March 16, 1989) (granting permissive intervention in private securities fraud action); SEC v. Kozlowski, 02 Civ. 7312 (RWS), 2003 WL 1888729, at *2 (S.D.N.Y. April 15, 2003).

**Discovery Will Continue Subject To The Interest Of The Government**

Godden, a resident of Great Britain, seeks an early resolution of the charges brought by the Securities and Exchange Commission ("SEC"). When the Government seeks to stay discovery in circumstances like these, courts are obliged to "determine the extent to which the civil discovery threatens the secrecy and integrity of the criminal proceedings, and, if the discovery could prove intrusive, whether to stay discovery entirely or to limit discovery so as not to impinge upon the criminal proceedings." Raphael v. AETNA Casualty and Surety Co., 744 F. Supp. 71, 75 (S.D.N.Y. 1990). In doing so, the court considers:

    (i)    the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed;

    (ii)    the private interests of and burden on the defendants;

    (iii)    the interests of the courts;

    (iv)    the interests of persons not parties to the civil litigation; and

    (v)    the public interest.

Morris v. American Fed'n of State, County and Mun. Employees, No. 99 Civ. 5125 (SWK), 2001 WL 123886, at *2 (S.D.N.Y. February 9, 2001). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." Volmar Distrib., Inc. v. The New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Securities and Exchange Comm'n. v. Treadway, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, 2005 U.S. Dist. LEXIS 4951 (S.D.N.Y. March 30, 2005), involved factual circumstances analogous to this case. Treadway involved discovery of statements from witnesses who were perceived as important to the Government's criminal action and who were to be deposed in the civil action. Id. at *1. Treadway analyzed the Government's stated interest in preserving its criminal evidence and balanced that interest with the civil defendants' right to an expeditious resolution of the civil lawsuit against them.

Godden's reputation and credibility have been called into question, and he deserves a timely opportunity to clear his name. Further, he is currently unemployed and the pendency of this litigation continues to cloud his future career and personal life. See, e.g., Citibank, N.A. v. Hakim, No. 92 Civ. 6233 (MBM), 1993 WL 481335, at *2, 1993 U.S. Dist. LEXIS 16299 (S.D.N.Y. November 18, 1993) (finding "Citibank may face substantial prejudice from a stay because it will be denied its right to speedy discovery and resolution of this dispute"); Connecticut ex rel. Blumenthal v. BPS

Petroleum Distribs., Inc., No. 3:91-CV-00173 (WWE), 1991 WL 177657, at *2, 1991 U.S. Dist. LEXIS 13951 (D. Conn. July 16, 1991) (denying requested stay because "[s]tays in proceedings may result in prejudice [] because 'witnesses relocate, memories fade, and persons . . . are unable to seek vindication or redress for indefinite periods of time on end'") (citation omitted); United States v. Hugo Key & Son, Inc., 672 F. Supp. 656, 658 (D. R.I. 1987) ("Certainly, it cannot be controverted that every defendant has a strong interest in the expeditious determination of his civil liberties").

Discovery in this action will be extended ninety (90) days. Both the SEC and Godden will advise the Government of discovery being conducted in this action. The Government will be notified of the performance of any discovery obligations three weeks in advance to permit the Government to apply for a stay of discovery which would impact its criminal case.

It is so ordered.

New York, NY
October 28, 2005

ROBERT W. SWEET
U.S.D.J.